UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN LAFLOWER,

                Plaintiff,

vs.                                      Case No. 2:04-cv-496-FtM-99SPC

R. MATTHEWSON; THOMAS REID; WARREN
CORNELL; WILLIAM BOYETTE and
LIEUTENANT ANTHONY HICKS,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendant Reid and Cornell's Motion to Dismiss Amended Complaint (Doc. #50), filed April 10, 2006.[1] Plaintiff filed a Response to the Motion to Dismiss. (Doc. #57.) This matter is now ripe for review.

**I.**

*Pro se* Plaintiff, who is in the custody of the Florida Department of Corrections, filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 and thereafter an Amended Complaint (Doc. #26). The Amended Complaint specifically names the Defendants in their individual capacities and sets forth the

---

[1]As of the date of this Order, Defendants Reid and Cornell are the only defendants upon which the U.S. Marshal has effectuated service of process. Pursuant to Court Order, the Florida Department of Corrections provided addresses to the Court for Defendants Matthewson, Hicks, and Boyette. The U.S. Marshal mailed waiver of service forms to the addresses provided by the DOC on October 25, 2006. As of the date of this Order, the Defendants did not waive personal service of process. Personal service has not yet been attempted.

following facts, which at this stage of proceedings are accepted as true:  On April 2, 2003, Plaintiff "was sprayed with chemical agents and assaulted with a steel pry-bar in retaliation for making a disrespectful comment to Officers Ronga and Glover the previous day."[2]  Amended Complaint at 4.  Defendants Reid, Hicks and Matthewson allegedly approached Plaintiff's cell and without any warning Defendant Matthewson sprayed the chemical agents into Plaintiff's cell through the food flap opening.  Defendants Reid and Hicks used a steel pry-bar "to jab and hit" Plaintiff, which caused Plaintiff injuries including "a gash on Plaintiff's left hand" that required five "butterfly stitches" to close and "lacerations" on Plaintiff's left leg, knee, and elbow.

Thereafter, the Amended Complaint claims that in order to "cover up" the unjustified use of force, the Defendants issued false incident reports and a false disciplinary report stating that Plaintiff was "yelling and banging on his cell door."[3]  The Amended Complaint does not specify which Defendants wrote the allegedly

---

[2] Plaintiff claims that "during an unjustified and excessive use of force [Defendants] violat[ed] the Eighth and Fourteenth Amendments of the United States Constitution, which protects this Plaintiff from cruel and unusual punishment."  However, it appears that Plaintiff was not a pre-trial detainee when he filed this action and as such the Fourteenth Amendment is not applicable.

[3] The Court notes, however, that according to Plaintiff's grievance forms, Officer Ronga first issued the allegedly false incident report, then Plaintiff was sprayed with chemical agents. See Doc. #1 at 12, Grievance form dated April 9, 2003. Plaintiff does not name Officers Ronga and Glover as defendants in this action.

false reports, but the grievances Plaintiff attached to the Complaint indicate that Officer Ronga wrote the false incident report.

As relief, Plaintiff requests that the Court issue a declaratory judgment stating that the Defendants' "unjustified and excessive use for chemical agents and assault with a steel 'pry-bar'" violated Plaintiff's constitutional rights, monetary damages, and any other relief the Court deems appropriate.

**II.**

In the Motion to Dismiss filed on behalf of Defendants Reid and Cornell, Defendants argue *inter alia* that Plaintiff failed to exhaust his available administrative remedies and did not comply with the pleading requirements set forth in Fed. R. Civ. P. 8. Defendants also assert that they are entitled to Eleventh Amendment immunity and Qualified immunity. Additionally, with regard to Defendant Cornell, the Defendants contend that Cornell, who was the warden at the time of the incident raised in the Amended Complaint, cannot be liable under § 1983 based on the theory of *respondeat superior*.

**III.**

Defendants argue that Plaintiff did not exhaust his administrative remedies because he did not name Defendant Cornell in any of the grievances and he only named Defendant Reid on his formal grievance dated June 16, 2003. Additionally, Defendants

argue that Plaintiff did not comply with the procedural requirements since he did not timely file the formal grievance.

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.006-.007. If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. Id. at 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id. at 33-103.007(6). Although Defendants contend that Plaintiff should have specifically named the Defendants in his grievance forms, the sections of the Florida Administrative Code that Defendants rely upon, do not require that Plaintiff specifically name the Defendants. Rather, the rules only require that "the included facts are accurately stated" in the grievance. Id. at 33-103.005 (2)(b)(2), 33-103.006 (2)(f).

The Court finds that Plaintiff did in fact fully and properly exhaust his available administrative remedies regarding his claim that Defendants used chemical agents and a pry-bar in violation of Plaintiff's Eighth Amendment rights. Further, Defendants argument that Plaintiff did not exhaust because he did not specifically name the Defendants on all of the grievance forms has been foreclosed by

the Supreme Court's recent decision in <u>Jones v. Bock</u>, 549 U.S. ___, Nos. 05-7058, 05-7142, slip op. at 16-19 (Jan. 22, 2007). The PLRA does not require that a prisoner specifically name all of the defendants in the administrative grievances. <u>Id.</u> at 17. Rather, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>Id.</u> at 18. As discussed above, the Florida Administrative Code does not state that a prisoner need to specifically name the defendants in the grievance.

Plaintiff filed an informal grievance dated April 9, 2003, and a Request for Administrative Remedy or Appeal on May 21, 2005, which was returned to Plaintiff for failure to comply with the grievance rules set forth by the Florida Department of Corrections. In response, Plaintiff filed a second informal grievance on June 6, 2003, and a formal grievance on June 16, 2003. Then, Plaintiff filed an Appeal to the Secretary of the Department of Corrections. None of Plaintiff's grievances were denied as untimely. The Court finds that the facts contained in Plaintiff's grievances sufficiently apprised prison officials and allowed the officials an opportunity to investigate Plaintiff's claims.

**IV.**

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996)(citations omitted); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

The Eighth Amendment, which prohibits "cruel and unusual punishment," provides the constitutional framework for Plaintiff's claim. It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). In applying the Eighth Amendment in the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order and security." Ort v. White, 813 F.2d 318, 324-25 (11th Cir. 1987). It is "the imposition of pain totally without penological justification" that is proscribed by the Eighth Amendment. Evans v. Dugger, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). See also Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Instances of "physical abuse directed at [a] prisoner *after* he terminate[s] his resistence to authority would constitute an actionable eighth amendment violation." Hope v. Pelzer, 536 U.S. 730, 731 (2002)(emphasis in original)(quoting Ort, 813 F.2d at 324). Significantly, the Eleventh Circuit found that:

> the use of force in retaliation for a provocative act occurring some time earlier is "more likely to be not an effort to restore order but instead either a motive for 'maliciously' striking the inmate 'for the purpose of causing harm' or else summary, informal, unofficial and unsanctioned corporal punishment."

Ort v. White, 813 F.2d 318, 324 (quotations and citations omitted).

The Amended Complaint contains few facts with regard to Defendant Cornell's alleged participation in the incident giving rise to Plaintiff's Complaint, yet alone that he personally participated in any alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), cert. denied, 500 U.S. 933 (1990). Plaintiff is required to show an affirmative causal connection between an official's acts and the alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). Plaintiff's Amended Complaint states that Defendant Cornell, as the warden, was responsible for the day-to-day operation of the prison. Section 1983 claims predicated on *respondeat superior* theories have been uniformly rejected. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164 (1994).

Also, Plaintiff contests Defendant Cornell's response to his informal grievance dated June 16, 2003. The Amended Complaint states that Defendant Cornell was "made aware that chemical agents

-7-

and a steel 'pry-bar' where [sic] used maliciously and sadistically for the very purpose of causing harm . . . [but] failed to take any corrective action."  To the extent Plaintiff predicates liability on Defendant Cornell for his response, or alleged lack thereof, to Plaintiff's grievance, Plaintiff fails to state a § 1983 claim. See Haverty v. Crosby, Case No. 1:05cv00133-MP-EMT, 2006 WL 839157 (N.D. Fla. 2006)(recognizing that liability cannot be attributed to a supervisor for solely for conduct brought to his or her attention by a grievance form)(collecting cases).  Rather, knowledge imputed to a supervisor must be so pervasive so that "the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Haverty v. Crosby, 2006 WL 839157 at *5 (quoting Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994)).  Here, Plaintiff's Amended Complaint does not contain any allegations of a policy or custom that was the "moving force" behind Defendant Cornell's alleged misconduct. Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997). See also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. Florida, 111 F. Supp. 2d 1326 (S.D. Fla. 2000). Consequently, the Court finds Plaintiff's Amended Complaint fails to state a constitutional claim against Defendant Cornell.

With regard to Defendant Reid, the Amended Complaint alleges that Defendant Reid used a pry-bar "to jab and hit" Plaintiff in retaliation for the comments Plaintiff made to Officers Ronga and Glover the previous day.  Thus, at this stage of proceedings, the

Court cannot say that Plaintiff can prove no set of facts that would entitle him to relief under the Eighth Amendment. Similarly, because the allegations include a use of force maliciously and sadistically to cause Plaintiff harm, the Court finds Defendant Reid is not entitled to Qualified Immunity since such actions, which if established, clearly violate the Constitution. Hudson v. McMillian, 503 U.S. 1; Whitley v. Albers, 475 U.S. 312 (1986); see also Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002); Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002). The only question at this stage is whether plaintiff has alleged sufficient facts to survive a motion to dismiss. Id. The Court concludes that the facts alleged, as summarized above, survive the Defendants' Motion to Dismiss.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Reid and Cornell's Motion to Dismiss Amended Complaint (Doc. #50) is **GRANTED in part and DENIED in part**.

    a. With respect to Defendant Cornell, the Motion to Dismiss is **GRANTED**, and Defendant Cornell is dismissed without prejudice.

    b. With respect to Defendant Reid, the Motion to Dismiss is **DENIED.**

2. Defendant Reid shall file an Answer within **twenty (20) days** from the date on this Order.

3. The **Clerk of Court** shall correct the caption of the case to reflect the dismissal of Defendant Cornell.

**DONE AND ORDERED** in Fort Myers, Florida, on this   5th   day of February, 2007.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record