FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 JUL 31  AM 11: 42

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLOR[]
FORT MYERS, FLORIDA

BENJAMIN LAFLOWER,

        Plaintiff,

vs.                                    Case No.   2:04-cv-496-FtM-34-SPC

THOMAS REID and WILLIAM BOYETTE

        Defendants.

_____

## OPINION AND ORDER[1]

This matter comes before the Court upon review of Defendant Boyette's Motion to Dismiss (Doc. #77), filed February 28, 2007. After the Court granted Plaintiff an extension of time to file a Response, Plaintiff filed a Response. (Doc. #82.) This matter is ripe for review.

I.

*Pro se* Plaintiff, who is in the custody of the Florida Department of Corrections, filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 and thereafter an Amended Complaint (Doc. #26). On February 5, 2007, the Court granted in part and denied in part the Motion to Dismiss filed on behalf of Defendants Reid and Cornell, thereby dismissing Defendant Cornell and directing Defendant Reid to file his Answer and Affirmative

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

Defenses. (See Doc. #73.) Then, on February 16, 2007, the U.S. Marshal effectuated personal service of process on Defendant Boyette. (Doc. #75.) Thereafter, Defendant Boyette filed the motion *sub judice*.

## II.

The facts, as previously set forth in the February 5, 2007, Opinion and Order, which are taken as true at this stage of the proceedings are as follows: On April 2, 2003, Plaintiff "was sprayed with chemical agents and assaulted with a steel pry-bar in retaliation for making a disrespectful comment to Officers Ronga and Glover the previous day."[2] Amended Complaint at 4. Defendants Reid, Hicks and Matthewson allegedly approached Plaintiff's cell and without any warning Defendant Matthewson sprayed the chemical agents into Plaintiff's cell through the food flap opening. Id. Defendants Reid and Hicks used a steel pry-bar "to jab and hit" Plaintiff, which caused Plaintiff injuries including "a gash on Plaintiff's left hand" that required five "butterfly stitches" to close and "lacerations" on Plaintiff's left leg, knee, and elbow. Id.

---

[2] Plaintiff claims that "during an unjustified and excessive use of force [Defendants] violat[ed] the Eighth and Fourteenth Amendments of the United States Constitution, which protects this Plaintiff from cruel and unusual punishment." However, it appears that Plaintiff was not a pre-trial detainee when he filed this action and as such the Fourteenth Amendment is not applicable. Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985).

-2-

Plaintiff further claims that in order to "cover up" the unjustified use of force, the Defendants issued false incident reports and a false disciplinary report stating that Plaintiff was "yelling and banging on his cell door."[3] Id. The Amended Complaint does not specify which Defendants wrote the allegedly false reports, but the grievances Plaintiff attached to the Complaint indicate that Officer Ronga wrote the allegedly false incident report.

As relief, Plaintiff requests that the Court issue a declaratory judgment stating that the Defendants' "unjustified and excessive use of chemical agents and assault with a steel 'pry-bar'" violated Plaintiff's constitutional rights, and award Plaintiff monetary damages, and any other relief the Court deems appropriate. Id. at 8-9. With regard to Defendant Boyette, Plaintiff seeks $80,000.00 in "compensatory relief" and $20,000.00 in punitive damages. Response at 4.

### III.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or

---

[3]The Court notes, however, that according to Plaintiff's grievance forms, Officer Ronga first issued the allegedly false incident report, then Plaintiff was sprayed with chemical agents. See Doc. #1 at 12, Grievance form dated April 9, 2003. Plaintiff does not name Officers Ronga and Glover as defendants in this action.

immunities guaranteed under the Constitution or laws of the United States.

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996)(citations omitted); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Here, Defendant Boyette was the assistant warden at Charlotte Correctional Institution at the time the alleged incident occurred and the Complaint alleges an Eighth Amendment violation involving the excessive use of force.

IV.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However,

the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

V.

Defendant Boyette files the motion *sub judice* arguing that the Court should dismiss the Complaint because Plaintiff's theory of liability for Defendant Boyette is identical to that used for Defendant Cornell, a defendant who the Court previously dismissed. Mot. to Dismiss at 7. Additionally, Defendant raises the defense of qualified immunity.

The Court agrees with the Defendant and finds that the Amended Complaint fails to state a claim as to Defendant Boyette. The Amended Complaint contains few facts with regard to Defendant Boyette's alleged participation in the incident giving rise to Plaintiff's Complaint, yet alone any facts suggesting that he personally participated in any alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), cert. denied, 500 U.S. 933 (1990). Instead, Plaintiff's Amended Complaint states that Defendant Boyette, as the assistant warden, had the responsibility of "safety and operations" at Charlotte Correctional and Defendant Boyette violated Plaintiff's constitutional rights by "facilitating, encouraging, or acquiescing" to his subordinates' behavior. Amended Complaint at 3, 7. However, Defendant Boyette cannot be held responsible for the alleged unconstitutional acts of his subordinates on the basis of *respondeat superior* or vicarious liability in this § 1983 action. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citations omitted); see also Monell

v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164 (1994).

Since no facts indicate that Boyette personally participated in the unconstitutional acts alleged in the Amended Complaint, Plaintiff is required to show an affirmative causal connection between Boyette's acts and the alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" Brown, 906 F.2d at 671, or when a policy or custom was the "moving force" behind the alleged misconduct. Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). See also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. Florida, 111 F. Supp. 2d 1326 (S.D. Fla. 2000). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. Alternatively, facts supporting an inference that the supervisor directed the subordinate to act unlawfully and failed to stop them establishes a causal connection. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). The Amended Complaint is devoid of any facts supporting a causal connection. Consequently, the Court finds

Plaintiff's Amended Complaint fails to state a constitutional claim against Defendant Boyette.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Boyette's Motion to Dismiss (Doc. #77) is **GRANTED** and Defendant Boyette is dismissed without prejudice.

2. The Clerk of Court shall enter judgment accordingly and correct the caption of the case to reflect the dismissal of Defendant Boyette.

**DONE AND ORDERED** in Fort Myers, Florida, on this 30th day of July, 2007.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record