FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 JAN 29  PM 1:40

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

BENJAMIN LAFLOWER,

          Plaintiff,

vs.                                    Case No.   2:04-cv-496-FtM-34-SPC

THOMAS REID, WILLIAM MATTHEWSON

          Defendants.

_____

**OPINION AND ORDER**[1]

I.

This matter comes before the Court upon review of Defendant Matthewson's Motion to Dismiss (Doc. #98, Motion), filed December 17, 2007.  As of the date on this Order, Plaintiff did not file a Response.  Instead, Plaintiff filed a Motion for an Extension of Time (Doc. #99, Pl's Mot.) to file a Response to the Defendant's motion on January 8, 2008, seeking a forty-day extension of time.[2]  Pl's Mot. at 1.  Because the Court denies Defendant's Motion to Dismiss, the Court denies Plaintiff's extension of time as moot.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2] The Court liberally construes *pro se* litigants complaints.  However, *pro se* litigants are not excused from compliance with Court orders or other judicial or statutory deadlines.  See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction does not mean liberal deadlines).  The Court has been generous with granting extensions of time in this action, including extending time for Plaintiff to effect service of process on Matthewson.

II.

*Pro se* Plaintiff, who is in the custody of the Florida Department of Corrections, filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 and thereafter an Amended Complaint (Doc. #26, Amended Complaint). The Amended Complaint named the following Defendants in only their individual capacities: William Matthewson, Thomas Reid, Warren Cornell, William Boyette, and Anthony Hicks. See Amended Complaint at 1, 3. The only Defendants remaining are Defendants Matthewson[3] and Reid. See Opinion and Orders at Doc. #73, Doc. #87, Doc. #91, Doc. #93.

The Amended Complaint sets forth the following facts, which are taken as true at this stage of the proceedings.[4] On April 2, 2003, Plaintiff "was sprayed with chemical agents and assaulted with a steel pry-bar in retaliation for making a disrespectful comment to Officers Ronga and Glover the previous day."[5] Amended Complaint at 4. Defendants Reid and Matthewson allegedly approached Plaintiff's cell and without any "orders or warnings"

---

[3] The Court granted Plaintiff's Motion to Alter or Amend Judgment with respect to the Rule 4(m) dismissal of Defendant Matthewson. Order at Doc. #93. The U.S. Marshal effected personal service of process on Defendant Matthewson on November 26, 2007. Doc. #96.

[4] These facts were previously set forth in the February 5, 2007, Opinion and Order. See Doc. #73.

[5] Plaintiff claims that "during an unjustified and excessive use of force [Defendants] violat[ed] the Eighth and Fourteenth Amendments of the United States Constitution, which protects this Plaintiff from cruel and unusual punishment." However, it appears that Plaintiff was not a pre-trial detainee when he filed this action and as such the Fourteenth Amendment is not applicable. Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985).

Defendant Matthewson "repeatedly spray[ed]" chemical agents on Plaintiff through the food flap opening. Id. Defendant Reid used a steel pry-bar "to jab and hit" Plaintiff, which caused Plaintiff injuries including "a gash on Plaintiff's left hand" that required five "butterfly stitches" to close and "lacerations" on Plaintiff's left leg, knee, and elbow. Id.

Plaintiff further claims that in order to "cover up" the unjustified use of force, the Defendants issued false incident reports and a false disciplinary report stating that Plaintiff was "yelling and banging on his cell door."[6] Id. The Amended Complaint does not specify which Defendants wrote the allegedly false reports, but the grievances Plaintiff attached to the Complaint indicate that Officer Ronga wrote the allegedly false incident report.

As relief, Plaintiff requests that the Court issue a declaratory judgment stating that the Defendants' "unjustified and excessive use of chemical agents and assault with a steel 'pry-bar'" violated Plaintiff's constitutional rights, and award Plaintiff monetary damages, and any other relief the Court deems appropriate. Id. at 8-9. With regard to Defendant Matthewson,

---

[6]The Court notes, however, that according to Plaintiff's grievance forms, Officer Ronga first issued the allegedly false incident report, then Plaintiff was sprayed with chemical agents. See Doc. #1 at 12, Grievance form dated April 9, 2003. Plaintiff does not name Officers Ronga and Glover as defendants in this action.

Plaintiff seeks $2500 in compensatory damages and $2500 in punitive damages. Id. at 8.

### III.

Defendant Matthewson argues that the Court should dismiss the Amended Complaint for failure to state an Eighth or Fourteenth Amendment claim. See generally Motion. Defendant Matthewson argues that the Fourteenth Amendment does not apply because Plaintiff was not a pre-trial detainee at the time he filed the action. Id. at 6-7. Further, to the extent that the Amended Complaint alleges an Eighth Amendment claim "for continued future relief," Defendant Matthewson in summary argues that Plaintiff has not established a custom or practice. Id. at 6.

### IV.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); <u>Dura Pharms., Inc. v. Broudo</u>, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and stating that <u>Conley</u> did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834, 836-838 (11th Cir. 2004)(citing <u>Leatherman v. Tarrant County</u>, 507 U.S. 163 (1993)); <u>Laurie v. Ala. Court of Crim. Appeals</u>, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. <u>See</u> <u>GJR Investments, Inc. v. County of Escambia</u>, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Dismissal is warranted

if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

V.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996)(citations omitted); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Here, Defendant Matthewson was a sergeant at Charlotte Correctional Institution at the time the alleged incident occurred and the Amended Complaint alleges an Eighth amendment violation involving the excessive use of force. Amended Complaint at 6.

It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment pursuant to the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). In applying the Eighth Amendment in the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order and security." Ort v. White, 813 F.2d 318, 324-25 (11th Cir.

1987). It is "the imposition of pain totally without penological justification" that is proscribed by the Eighth Amendment. Evans v. Dugger, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). See also Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Indeed, instances of "physical abuse directed at [a] prisoner *after* he terminate[s] his resistance to authority would constitute an actionable eighth amendment violation." Hope v. Pelzer, 536 U.S. 730, 731 (2002)(emphasis in original)(quoting Ort, 813 F.2d at 324).

## VI.

To the extent that Defendant asserts that the Amended Complaint fails to state a Fourteenth Amendment claim, the Court agrees. Plaintiff was incarcerated at the time the alleged incident occurred at Charlotte Correctional, and was not a pre-trial detainee. Thus, the Eighth Amendment, rather than the Fourteenth Amendment applies. Hamm, 774 F.2d at 1572. However, the Court disagrees with the remaining arguments set forth in the Defendant's Motion to Dismiss.

Plaintiff asserts that Defendant Matthewson personally participated in the alleged constitutional violation by "repeatedly spraying" him with chemical agents. Plaintiff claims Matthewson sprayed him with the chemical agents because Plaintiff was "disrespectful" to other corrections officers they day before. In other words, the Amended Complaint alleges that the use of chemical agents was not an immediate coercive measure used to restore order,

but instead used as punishment. Significantly, the Eleventh Circuit has found that:

> the use of force in retaliation for a provocative act occurring some time earlier is "more likely to be not an effort to restore order but instead either a motive for 'maliciously' striking the inmate 'for the purpose of causing harm' or else summary, informal, unofficial and unsanctioned corporal punishment."

<u>Ort</u>, 813 F.2d at 324 (quotations and citations omitted). Thus, the Amended Complaint contains facts sufficient to state an Eighth Amendment claim under 42 U.S.C. § 1983 and survive Defendant's Motion to Dismiss.

ACCORDINGLY, it is hereby **ORDERED**:

1. Defendant Matthewson's Motion to Dismiss (Doc. #98) is **DENIED**.

2. Defendant Matthewson shall file an Answer within twenty (20) days from the date on this Order.

3. Plaintiff's motion for an extension of time is **DENIED** as moot.

4. The parties shall refer to the forthcoming Case Management and Scheduling Order for future filing deadlines.

**DONE AND ORDERED** in Fort Myers, Florida, on this 29th day of January, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record